UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CURTIS A. STRAWBUCK, | Case No. 3:16-cv-00718-MMD-WGC |
| Plaintiff, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| v. | |
| LOSTRA TOWING, | |
| Defendant. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff, who is representing himself, submitted his civil rights complaint pursuant to 42 U.S.C. § 1983 on December 9, 2016. (Electronic Case Filing (ECF) No. 1-1.) The complaint was not accompanied with the filing fee or a completed application to proceed in forma pauperis (IFP). On December 12, 2016, the undersigned issued an order directing the Clerk to send Plaintiff a blank instruction to proceed IFP and instructions, and ordered Plaintiff to either pay the filing fee or submit a completed IFP application. (ECF No. 3.) He was advised that if he filed an application to proceed IFP, the court would then review the complaint under 28 U.S.C. § 1915(e), which allows the court to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. (*Id.*) On January 17, 2017, Plaintiff filed his IFP application. (ECF No. 4.) The court will now review the application and the proposed complaint.

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense

or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person, who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed *in forma pauperis*. The application shall be made on the form provided by the Court and shall include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of Plaintiff's application reveals that he is unable to pay the filing fee. As a result, Plaintiff's IFP application (ECF No. 4) should be granted.

## II. SCREENING

### A. Standard

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)(B) when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review

under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff names Lostra Towing as the only defendant in the caption of this action brought pursuant to 42 U.S.C. § 1983. (ECF No. 1-1 at 1.) The body of the complaint, however, goes on to list John Palicio, who is identified as an employee of Lostra Towing, and Tribal Police Officer Lucas Jenkins. (*Id.* at 2.) He indicates that the events giving rise to this action took place on November 10, 2013. (*Id.* at 1.)

Plaintiff alleges that Officer Jenkins stopped asked him if he knew his back-up light was not working. (*Id*.) Jenkins then asked Plaintiff if he was drinking alcohol. (*Id*. at 3, 4, 5.) Plaintiff responded that he was not because he was a member of Native Church and did not drink alcohol. (*Id*.) Officer Jenkins then asked Plaintiff to step out of his vehicle to give him an alcohol test, and proceeded to ask Plaintiff to stand on one leg. (*Id*.) Plaintiff advised Jenkins he could not do so because he had three prior knee surgeries. (*Id*.)  Apparently, Jenkins administered the "walk-the-line" test, and Plaintiff claims that he failed because he is elderly and staggers when he walks. (*Id*.) Plaintiff was cuffed and Officer Jenkins then called Lostra Towing employee John Palicio, whom Plaintiff claims entered the reservation without authority and in violation of his Indian civil rights, due process, and sovereignty. (*Id*. at 4, 5.)  He avers that his truck was towed. (*Id*.) Plaintiff was taken to Elko County Jail, was held for twelve hours and was released on his own recognizance the following day, which he claims violated his Indian civil rights. (*Id*. at 6.)

## C. Analysis

 "To sustain an action under Section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Wood v. Ostrader*, 879 F.2d 583, 587 (9th Cir. 1989).

Insofar as Plaintiff names Lostra Towing and John Palicio, he cannot state a claim against those individuals under 42 U.S.C. § 1983 as they are not state actors.

Moreover, he alleges the events giving rise to this action occurred in November of 2013.

Section 1983 does not contain its own statute of limitations; therefore, federal courts borrow the statute of limitations for section 1983 claims applicable to personal injury claims in the forum state. *See Wilson v. Garcia,* 471 U.S. 261, 279-80 (1985); *Pouncil v. Tilton,* 704 F.3d 568, 573 (9th Cir. 2012). In Nevada, the statute of limitations for personal injury claims, and therefore § 1983 actions brought here, is two years. Nev. Rev. Stat. 11.190(4)(e); *see also Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989).

"A statute of limitations begins to run on the date on which the plaintiff's claim 'accrues.'" *Pouncil,* 704 F.3d at 573 (citation omitted). "Federal law determines when a cause of

action for a Section 1983 claim accrues and, hence, when the statute of limitations beings to run." *Id*. (citation omitted). Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Id.* at 574 (citation omitted).

It is apparent from the face of the complaint that Plaintiff's claims are barred by the two-year statute of limitations. Plaintiff knew the basis of his alleged injuries in November 2013, but did not file this action until more than three years later, on December 9, 2016.

Therefore, Plaintiff's action should be dismissed with prejudice.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 4) and directing the Clerk to **FILE** Plaintiff's Complaint (ECF No. 1-1); and

(2) **DISMISSING** the action **WITH PREJUDICE**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED:  January 27, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE